UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNDERSTANDING NORFLEET, ROBERT
HOLLIS, JOSE VALERO, ROBERT TAYLOR,
and BRANDEN PETERSON,

                             Plaintiffs,

          – against –

CITY OF NEW YORK, PRISON HEALTH
SERVICE, ASBESTOS ABATEMENT
CONTRACTORS (name unknown), and BNK
RESTORATION, INC.,

                             Defendants.

**OPINION AND ORDER**

12 Civ. 4637 (ER)

RAMOS, D.J.:

     Before the Court is the Report and Recommendation ("R&R") dated January 8, 2015 of

Magistrate Judge Sarah Netburn, to whom this matter was referred for general pre-trial purposes.

Nine *Pro se* Plaintiffs, including Understanding Norfleet ("Norfleet"), Robert Hollis ("Hollis"),

Jose Valero ("Valero"), Robert Taylor ("Taylor"), Branden Peterson ("Peterson"),

Devon Peters ("Peters"), and Martinez Woods ("Woods") (collectively, "Plaintiffs") brought this

action pursuant to 42 U.S.C. § 1983, alleging unsafe prison conditions.  In the R&R, Judge

Netburn recommends that four of these plaintiffs—Norfleet, Hollis, Valero, and Peterson—be

dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure

41(b).  She further advises the Court to allow Peters and Woods to rejoin the case by signing

their complaints and submitting either forms to proceed *in forma pauperis* or payment of the

$400 filing fee.  For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

## I.  Background

Nine *pro se* Plaintiffs initially brought individual claims against Defendants alleging that they were harmed by asbestos in violation of their constitutional rights.  *See* R&R, Doc. 29 at 1. On July 31, 2012, this Court combined some of these complaints and dismissed others, resulting in the present action.  *Id*. at 2 (citing Doc. 5).  The Court dismissed without prejudice the claims of Peters, Woods, Syrille, and McDonald for failure to prosecute under Rule 41(b) on October 3, 2012.  *Id*.  (citing Doc. 10).  On June 6, 2014, the Court held a status conference at which the only plaintiff to appear was Taylor.  *Id*.   It referred the instant case to Judge Netburn for general pretrial supervision the same day.  *Id*. (citing Doc. 17).

In response to a November 19, 2014 letter from Defendants indicating that they had not heard from Plaintiffs since the June 6, 2014 status conference, Judge Netburn issued an order on November 21, 2014 directing each individual plaintiff to file a letter by December 19, 2014 indicating his or her intention to pursue their claims or face dismissal under Rule 41(b).  *Id*. at 2-3 (citing Doc. 25).  Peters and Taylor filed letters.  *Id.* at 3.  Woods filed a change of address form attached to the November 21, 2014 Order.  *Id*.  The remaining plaintiffs did not respond and no other communication was received after that deadline.  *Id*.

In fact, Hollis, Peterson, and Valero have not filed any papers since July 31, 2012.  *Id*. at 5.  The only document that Norfleet has filed since his initial complaint and request to proceed *in forma pauperis* is his October 2014 change of address form.  *Id*.  These plaintiffs have been

2

absent at initial pretrial conferences; nearly every order sent to them has been returned and Judge

Netburn's repeated efforts to locate Hollis, Peterson, and Valero have proved fruitless. *Id*.

In contrast, Peters and Woods both communicated with Judge Netburn following the

November 21, 2014 Order indicating their willingness to prosecute their claims. *Id*. at 6.

Furthermore, Taylor has continuously expressed an interest in litigating his claims. *Id*. at 7.


## II.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the

report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also*

Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and

recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C);

*see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir.1997). The

district court may adopt those parts of the report and recommendation to which no party has

timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*,

573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and

recommendation for clear error where a party's objections are "merely perfunctory responses"

argued in an attempt to "engage the district court in a rehashing of the same arguments set forth

in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations

and internal quotation marks omitted).

### III. Conclusion

No party has objected to the R&R.  The Court has reviewed Judge Netburn's thorough R&R and finds no error, clear or otherwise.  Judge Netburn reached her determination after a careful review of the applicable law and Plaintiffs' actions.  Doc. 29 at 3-7.  The Court therefore ADOPTS Judge Netburn's recommended judgment regarding the dismissal of Hollis, Valero, Peterson, and Norfleet under Rule 41(b) and the reinstatement of Peters and Woods as plaintiffs in this case.  The Court REFERS future applications, if any are filed, back to Judge Netburn.

The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 Civ. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997)).

In accordance with Judge Netburn's recommendation, the Court will mail Peters and Woods an IFP application and a copy of the complaint to sign. *See* Doc. 29 at 6.  They are directed to comply with these requirements within thirty (30) days.  All Parties are reminded that Judge Netburn has ordered them to immediately exchange discovery demands and schedule any depositions in order to complete discovery by March 31, 2015. *See id.* at 7.

It is SO ORDERED.

Dated: February 23, 2015
         New York, New York

Edgardo Ramos, U.S.D.J.

4